**INAMED CORPORATION, Inamed Development Company, and Bioenterics Corporation, Plaintiffs–Appellants,**

v.

**Lubomyr I. KUZMAK, Defendant–Appellee,**

and

**Ethicon Endo–Surgery, Inc., Defendant–Appellee.**

No. 02–1477.

United States Court of Appeals, Federal Circuit.

DECIDED: May 15, 2003.

stored as a "medical cost[] incurred" under § 1221(g)(1)(A)(ii).

**242**

Before CLEVENGER, SCHALL and DYK, Circuit Judges.

CLEVENGER, Circuit Judge.

Plaintiffs Inamed Corporation, Inamed Development Company, and Bioenterics Corporation appeal from an order of the United States District Court for the Central District of California denying their motion for summary judgment on the seventh and eighth causes of action, and *sua sponte* granting summary judgment for

defendants Lubomyr I. Kuzmak and Ethicon Endo–Surgery, Inc., on those causes. *Inamed Corp. v. Kuzmak*, No. 99–CV–2160 (C.D.Cal. May 29, 2002). We *affirm*.

I

The question presented in this appeal is whether a January 24, 2000, letter agreement between the parties is an enforceable settlement agreement, and, if so, whether the plaintiffs have proven a breach of that agreement so as to give rise to their suit for specific performance of the agreement and claim to damages for breach.

The district court held that the letter agreement did not contain all the essential terms of a contract, and therefore did not bind the parties. Accordingly, the district court ruled that the defendants were entitled to summary judgment on the plaintiffs' causes for breach of contract and specific performance. Alternatively, the district court held that if the letter agreement creates a binding contract, the plaintiffs failed to prove that the defendants had breached the terms of the contract. Since the plaintiffs' causes of action for breach of contract damages and for specific performance depend on a proven breach, the district court entered summary judgment for the defendants on this ground as well.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(1).

II

We need not recite the full facts of this case, of which the parties are fully aware. The district court gave two reasons for its conclusion that the parties had not bound themselves to the letter agreement. First, the court found that the agreement failed to specify how pending litigation between the parties would be dismissed, *i.e.*, whether the dismissals would be with or without

prejudice. Second, the agreement contains no release language, "despite the fact that the parties were engaged in three separate litigation matters that raised a myriad of claims," and the district court found that a release was a material term. The district court observed that the question of whether the pending litigation would be dismissed with or without prejudice is an issue "linked directly to the nature of the release contemplated by the parties."

We have carefully reviewed the record, and we conclude that the district court erred in deciding that the parties had not settled upon whether their ongoing litigation would be dismissed with or without prejudice. We think it is clear that the parties intended dismissals with prejudice. As the district court noted, the answer to the release issue follows from the decision on the dismissal issue, because the issues are related. A dismissal with prejudice insulates the parties from relitigation of the monetary claims in suit, whereas a dismissal without prejudice does not. Since we have concluded that dismissals were to be with prejudice, there is no need for any release as to past litigation, such being conclusively settled by dismissals with prejudice.

The district court therefore erred when it held that the subjects of dismissal and release were unresolved between the parties and for that reason that "the parties failed to agree on material terms," making the letter agreement unenforceable. The parties indeed bound themselves by contract in the letter agreement. A contract was formed, and the parties must abide by the terms of the contract, else suffer the consequences.

### III

We thus reach the question of whether the plaintiffs may maintain their causes of action for breach of contract and specific performance based on the alleged breach by the defendants reflected in the March 29, 2000, letter. Breach of contract by the defendants is an essential element of the plaintiffs' causes of action. *See Spear v. Cal. State Auto. Ass'n,* 2 Cal.4th 1035, 9 Cal.Rptr.2d 381, 831 P.2d 821, 825 (1992) ("A contract cause of action does not accrue until the contract has been breached."). The district court carefully reviewed the evidence asserted by the plaintiffs to show breach by the defendants, and concluded that "there is no evidence that Kuzmak repudiated or actually breached the agreement Inamed seeks to enforce." We see no error in the district court's analysis of the pertinent facts, and we consequently agree with its conclusion that the plaintiffs are not entitled to summary judgment on their causes of action for breach of contract and specific performance.

Although we conclude that the district court erred in concluding that the parties had not entered into a binding contract, we find that the district court was correct in concluding that the plaintiffs failed to prove that the defendants breached the contract, an essential element of their causes of action. We therefore affirm the summary judgment in favor of the defendants on the plaintiffs' causes of action for breach of contract damages and specific performance.

### COSTS

No costs.